FILED

JUN 01 2006

~~signature~~
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| MICHEAL BRINGMAN, | CIV. 06-4059 |
| Plaintiff, | |
| vs. | ORDER ALLOWING AMENDMENT OF COMPLAINT |
| DEPARTMENT OF CORRECTIONS; WARDEN DOOLEY; | |
| Defendants. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff is an inmate at the Mike Durfee State Prison, Springfield, South Dakota. Plaintiff makes fourteen allegations which he designates Grounds 1-14.

Ground 1 alleges he was written up for stealing, but he is not guilty. As a result of the write up he lost his parole and he was "kicked out of treatment which I really need."

Ground 2 alleges he went through the grievance procedure, but was denied. He wants the write up taken off his record.

Ground 3 alleges his requests for copies of the write up have been refused, unless he pays for the copies.

Ground 4 alleges he wanted to make a telephone call about his infant son's health, but was denied. He was told to put money into his phone account, but he didn't have any money to put into the phone account. He was then told he could write to inquire about his son's health, but he didn't

1

have money for stamps. Now prison staff is cutting his work hours so he will have even less money.

Ground 5 alleges his environment is hostile to him. His mother called to tell him his step brother had been shot and killed, but the message was not delivered to him. He found out because his mother wrote him a letter. He asked to call home but was denied. He cried and explained what happened and was allowed to call home a day later.

Ground 6 alleges prison staff is trying to push him over the edge by telling him he is gay, but he is not.

Ground 7 alleges he has been moved from unit to unit but nobody will explain why.

Ground 8 alleges in February he checked to see if he was still scheduled in March for "C.D. treatment." He was told he was pushed back because somebody else needed his treatment spot worse than he did.

Ground 9 alleges Springfield State Prison is unfair to inmates. All the prison staff are related, so if an inmate has a problem with one staff member, he has a problem with all staff members.

Ground 10 alleges he is being singled out. He can't get a job any where because of the stealing write up, now he has to settle for less money and more hours which is unfair.

Ground 11 alleges he has filed a lot of grievances and now there are repercussions as a result. He has been told he has burned his bridges. Nobody will help him with anything. Now when he goes the prison staff he is told to leave.

Ground 12 alleges the parole board treated him disrespectfully. While plaintiff was answering questions, one member got up to get a donut and ate it throughout the rest of the hearing. The parole board asked him why he quit "C.D. treatment," but he tried to explain that he didn't quit. He was kicked out as a result of the stealing write up which he did not commit. Then they called him

a liar and a danger to society. The parole board acts more respectfully when the inmate's family or other witnesses are present. He told prison staff how he was treated at the parole board hearing, but nothing was done or looked into.

Ground 13 alleges there are two classes he would like to take so he could get a job "on the streets," but he is not allowed to take either of them because he is too old.

Ground 14 alleges regular inmates are discriminated against in favor of "inmates on parole." The inmates on parole are given their own day room with a big T.V. that is off limits to regular inmates. The inmates on parole get first shot at all classes "and I know that because I was bumped out of my treatment spot." "All inmates are to be treated fair."

After the complaint was filed Mr. Bringman filed a letter (Doc. 8) in which he says he did three weeks of work for which he was not paid. He was not paid as a result of a mistake by the prison staff. No one else has problems like that. "Like I have said before I get no help from the staff at Mike Durfee State Prison. Why do I have to suffer and go without because the staff messed up and holds a grudge against me."

For relief he requests appointed counsel, early release from prison or parole, $40,000 for the way he has been treated, transfer to Rapid City trustee unit so he can be close to his family, and the stealing write up dropped from his record.

Mr. Bringman's complaint has been screened as is required by 28 U.S.C. §1915.

## DISCUSSION

An action may be dismissed for failure to state a claim upon which relief may be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2

L.Ed.2d 80 (1957). The Court must assume as true all facts well pleaded in the complaint. <u>Estate of Rosenberg by Rosenberg v. Crandell</u>, 56 F.3d 35, 36 (8th Cir. 1995). Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." <u>Allen v. Purkett</u>, 5 F.3d 1151, 1153 (8th Cir. 1993)(citations omitted) <u>cert. den.</u>, 513 U.S. 829, 115 S.Ct. 100, 130 L.Ed.2d 49 (1994). If it does not, dismissal is appropriate. <u>Beavers v. Lockhart</u>, 755 F.2d 657, 663 (8th Cir. 1985).

Before <u>Sandin</u> the emphasis for federal courts on the mere nature of the rules relating to due process without critical consideration of the underlying interest encouraged prisoners to make federal cases out of trivial disagreements. <u>Moorman v Thalacker</u>, 83 F.3d 970, 972 (8th Cir. 1996) discussing <u>Sandin v Conner</u>, 515 U.S. 472 (1995). The claims in this case are examples of the kind of claims to which <u>Moorman</u> referred. None of these claims, except perhaps one, raises an issue involving deprivation of constitutional rights. Section 1983 relief is intended to remedy deprivations of federal constitutional or federal statutory rights. An inmate must allege a violation of a federal statutory or constitutional right to state a claim upon which relief can be granted. <u>Cooper v. Schriro</u>, 189 F.3d 781, 785 (8th Cir 1999).

Loss of good time credits alone— eligibility for parole in Mr. Bringman's case (Ground 1)— is not a constitutionally protected right. <u>Moorman</u> at 973.

Grounds 2 through 6 do not involve a claim by Mr. Bringman that he is a member of a suspect class, that he is being treated differently from others in his same circumstance, or that his exercise of fundamental rights has been restricted or deprived. These allegations, therefore, do not implicate equal protection rights. An inmate's pro se complaint is properly dismissed for failure to state a claim upon which relief can be granted where plaintiff failed to allege the violation of a

federal right or "lacked sufficient specificity under even the most liberal pleading requirements." Cooper at 784-785 (internal citations omitted).

There is no constitutionally protected right implicated in transfer (Ground 7) to another prison. Moorman at 973. In circumstances where the transfer is to an environment which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life, the conditions could give rise to a liberty interest in their avoidance. Wilkinson v. Austin, 125 S.Ct. 2384, 2394-2395 (2005). Mr. Bringman is housed in a less than maximum security prison. A maximum security prison was involved in Wilkinson. Mr. Bringman has alleged nothing which would suggest the environments involved in his transfers even come close to those described in Wilkinson. There are no allegations in Mr. Bringman's complaint which suggest his transfers imposed atypical and significant hardship on him in relation to the ordinary incidents of prison life, or that but for his participation in other constitutionally protected activity he would not have been transferred. Mr. Bringman has not alleged his transfer was in retaliation for his exercise of constitutionally protected rights. Rouse v. Benson, 193 F.3d 936 (8th Cir. 1999).

Disciplinary confinement (perhaps Ground 7) does not impose atypical and significant hardship on an inmate. Moorman at 972. Constitutional due process rights, therefore, are not ordinarily implicated by disciplinary confinement. Mr. Bringman has not made allegations which would categorize his complaints about housing within the category of cases to which due process rights are attached.

His allegation of being bumped from his spot for "C.D. treatment" (Ground 8) fails to sufficiently allege deliberate indifference to a serious medical condition. What the condition is for which "C.D. treatment" is necessary is unknown. It is not even known whether the condition is a

5

medical condition. It is not known whether the condition, if medical, is serious. It is not alleged that the delay in treatment caused Mr. Bringman to suffer medical consequences, or, if so, whether those same medical consequences would have been suffered even had his "C.D. treatment" occurred in March.

Ground 9 fails for the same reasons mentioned regarding Grounds 2 through 6. Allegations that the prison is unfair to inmates and that the staff are all related are not sufficient to raise constitutional issues or rights created by federal statute.

To state a claim upon which relief can be granted on equal protection grounds that he was "singled out" (Ground 10), Mr. Bringman must allege he was singled out as a result an impermissible motive such as race, religion, or the exercise of a recognized fundamental right. Ellebracht v. Police Bd. Of Metropolitan Police Dept. Of City of St. Louis, 137 F.3d 563, 566 (8th Cir. 1998). There are no such allegations. There is no constitutional right to a particular prison job. Lomholt v Holder, 287 F.3d 683, (8th Cir. 2002).

Denial of grievances does not constitute a constitutional deprivation of rights where the prisoner was not prohibited from filing grievances altogether. Id. Retaliation (Ground 11) against an inmate for filing grievances is, however, prohibited. Otherwise proper acts are actionable under § 1983 if taken in retaliation for exercise of constitutionally protected rights. Cooper v. Schriro, 189 F.3d 781, 784. Filing true disciplinary charges does not constitute retaliation. Orebaugh v. Caspari, 910 F.2d 526, 528 (8th Cir. 1990). Mr. Bringman alleged there have been repercussions against him as a result of grievances filed by him. Mr. Bringman will be allowed to amend this conclusory allegation to allege specific facts to explain the nature of the repercussions and to identify as a defendant the person or persons who retaliated against him for filing grievances. The allegations should be stated in an amended complaint, not in a letter,

6

identifying as defendants in the amended complaint only the person or persons who allegedly retaliated. As is explained in this Order all of the other claims against all other named defendants will be recommended to the District Court for dismissal. Mr. Bringman's amended complaint will be re-screened, or if he does not timely amend his complaint, the entire original complaint (including the allegations made in letters) will be recommended to be dismissed.

His claim about being treated disrespectfully by the parole board (Ground 12), and his requests for damages and for early release (Statement of Requested Relief), are barred by Heck v. Humphrey because that case bars direct or indirect challenges to parole board decisions in a § 1983 action. Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994).

Grounds 13 and 14 alleges the creation of discriminatory classes at the prison. These allegations do not allege plaintiff is a member of a protected class which would raise equal protection constitutional issues. Nor do these allegations suggest he is being treated differently from other inmates who are similarly situated, which would be another avenue to raise an equal protection claim. Grounds 13 and 14 fail for the reasons explained above regarding Grounds 2 through 6.

His allegation of not being paid (Doc. 8) fails because he attached a response from prison officials which indicates he will be paid and that it was a mistake that caused the non-payment. While it is regrettable Mr. Bringman was not timely paid, he has failed to allege a violation of equal rights under the Fourteenth Amendment inasmuch as the matter was the result of a mistake which has already been, or will be, corrected. If he was purposely not paid for work he performed and other prisoners were paid for doing the same work, then perhaps he would have stated an equal protection claim. Phillips v Norris, 320 F.3d 844, 848 (8th Cir 2003).

It is, therefore, ORDERED that plaintiff may amend that part of his complaint which alleges repercussions occurred as a result of his exercising his rights under the prison

7

grievance procedure. Plaintiff needs to allege specific facts to describe the alleged retaliation and identify the person or persons who retaliated. The amended complaint must be filed not later than July 14, 2006. Failure to timely amend will result in a recommendation that the retaliation claim should be dismissed along with all the other claims in the complaint. The other portions of his complaint may not be amended and will be recommended for dismissal when his amended complaint is re-screened.

Dated this __1st__ day of June, 2006.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

ATTEST:

JOSEPH HAAS, CLERK

By: _____, Deputy

(SEAL)

8